# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.     2:07-cr-218-MHT** |
| | ) | |
| **MONIQUE ROSHAUN CANIDATE** | ) | |
| **a/k/a "Roshaun Candidate"** | ) | |
| | ) | |

## United States' Proposed Jury Instructions

The United States respectfully requests that the following Proposed Jury Instructions be given to the jury in this case.  The United States also respectfully reserves the right to submit additional requests as developments in this case may warrant.

Respectfully submitted this 3rd day of December, 2007,

LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United State Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.    2:07-cr-218-MHT** |
| | ) | |
| **MONIQUE ROSHAUN CANIDATE** | ) | |
| **a/k/a "Roshaun Candidate"** | ) | |
| | ) | |

## Certificate of Service

I hereby certify that on December 3, 2007, I electronically filed the foregoing with the
Clerk of the Court using the CM/ECF system, which will send notification of such filing to
the following: Jon Carlton Taylor.

Respectfully submitted,
LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United State Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334) 223-7280
Fax: (334) 223-7135
E-mail: christopher.a.snyder@usdoj.gov

# Government's Requested Jury Instruction No. 1

« INTRODUCTION»

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the Indictment.[1]

---

[1] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 1 (Face Page, Introduction).

## Government's Requested Jury Instruction No. 2

« DUTY TO FOLLOW INSTRUCTIONS»

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.[2]

---

[2]  11th Cir. Pat. Instr. Crim., Basic Instr. No. 2.1 (Duty to Follow Instructions).

# Government's Requested Jury Instruction No. 3

« PRESUMPTION OF INNOCENCE»

The Indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.[3]

---

[3] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 2.1 (Presumption of Innocence).

# Government's Requested Jury Instruction No. 4

«DEFINITION OF REASONABLE DOUBT»

While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.[4]

---

[4] 11th Cir. Pat. Instr., Basic Instr. Crim. No. 3 (Definition of Reasonable Doubt).

# Government's Requested Jury Instruction No. 5

«CONSIDERATION OF THE EVIDENCE:
ARGUMENT OF COUNSEL, COMMENTS BY THE COURT»

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that anything the lawyers say is not evidence in the case.  It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.[5]

---

[5] 11th  Cir. Pat. Instr., Basic Instr. Crim. No. 4.2 (Consideration of the Evidence: Argument of Counsel, Comments by the Court).

# Government's Requested Jury Instruction No. 6

«CONSIDERATION OF THE EVIDENCE:
DIRECT AND CIRCUMSTANTIAL»

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.[6]

---

[6] 11th  Cir. Pat. Instr. Crim., Basic Instr. No. 4.2 (Consideration of the Evidence: Direct and Circumstantial).

# Government's Requested Jury Instruction No. 7

## «CREDIBILITY OF WITNESSES»

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?[7]

---

[7]  11th  Cir. Pat. Instr. Crim., Basic Instr. No. 5 (Credibility of Witnesses).

# Government's Requested Jury Instruction No. 8

«IMPEACHMENT – INCONSISTENT STATEMENT»

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.[8]

---

[8] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 6.1 (Impeachment – Inconsistent Statement).

# Government's Requested Jury Instruction No. 9

«EXPERT WITNESSES»

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.[9]

---

[9] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 7 (Expert Witnesses).

# Government's Requested Jury Instruction No. 10

«INTRODUCTION TO OFFENSE INSTRUCTIONS»

At this time I will explain the Indictment against the Defendant. I will not read it to you at length because you will be given a copy of the Indictment for reference during your deliberations.[10]

The Indictment has two counts. The first count of the Indictment charges the defendant with theft of government property. Specifically, it charges that the defendant stole funds intended for Hurricane Katrina victims in excess of $1,000. The second count charges the defendant with aggravated identity theft. It charges that the defendant used another's social security number in order to file the fraudulent Hurricane Katrina claim at issue in count one.

---

[10] 11th Cir. Pat. Instr. Crim., Basic Instr. No. 8, ¶1. (Introduction to Offenses).

# Government's Requested Jury Instruction No. 11

«OFFENSE CONDUCT INSTRUCTIONS
–THEFT OR WRONGFUL RECEIPT OF MONEY OR PROPERTY–
18 USC § 641(BOTH PARAGRAPHS)»

Title 18, United States Code, Section 641, makes it a Federal crime or offense for anyone to steal or convert any money belonging to the United States.  Additionally, Section 641 makes it a Federal crime or offense to receive stolen money or property belonging to the United States.

I will first instruct you on the theft of property provision.  The defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the money or property described in the Indictment belonged to the United States;

Second:    That the Defendant stole or converted such money or property to her own use or to the use of another;

Third:     That the Defendant did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money or property so taken.

Fourth:    That the money or property had a value in excess of $1,000.

The word "value" means the face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

It is not necessary to prove that the Defendant knew that the Government owned the property at the time of the wrongful taking so long as it is established, beyond a reasonable

doubt, that the Government did in fact own the money or property involved, that the Defendant knowingly and willfully stole or converted it.

To "steal" or "convert" means the wrongful or willful taking of money or property belonging to someone else with intent to deprive the owner of its use or benefit either temporarily or permanently. No particular type of movement or carrying away is required to constitute a "taking," as that word is used in these instructions.

Any appreciable change in the location of the property with the necessary willful intent constitutes a taking whether or not there is any actual removal of it from the owner's premises.[11]

As I mentioned previously, Section 641 also makes it a federal crime or offense for the defendant to have received stolen money or property belonging to the United States.  The defendant can be found guilty of this alternative provision of Section 641 only if all of the following facts are proved beyond a reasonable doubt:

| | |
|---|---|
| First: | That the money or property described in the Indictment belonged to the United States Government; |
| Second: | That the Defendant received that money or property; |
| Third: | That the Defendant knew the money or property was stolen. |
| Fourth: | That the Defendant acted knowingly and willfully with intent to convert the money or property. |

Fifth:  That the money or property had a value in excess of $1,000.[12]

---

[11] 11th Cir. Pat. Instr. Crim. No. 21.

[12] 1 Sand et al., *Modern Federal Jury Instructions, Criminal*, at ¶23A.02 (2006); 9th Cir. Man. Model Jury Instr. No. 8.32 (2003); *see also United States v. Stuart*, 22 F.3d 76 (3d Cir. 1994); *United States v.*

# Government's Requested Jury Instruction No. 12
«OFFENSE CONDUCT INSTRUCTION –
AGGRAVATED IDENTITY THEFT
18 U.S.C. § 1028A(a)(1)»

Title 18, United States Code, Section 1028A(a)(1), makes it a Federal crime or offense for anyone to use or possess means of identification of another in connection with certain other offenses.[13]

A defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:      That the defendant knowingly used or possessed the "means of identification" of another person

Second:   That the use or possession was without lawful authority; and

Third:     That the use or possession was during and in relation to a violation of a violation of 18 U.S.C. §641 (theft of government property).[14]

---

*Trzcinski*, 553 F.2d 851 (3d Cir. 1976).

[13] 18 U.S.C. §1028A(a)(1).

[14] *United States v. Hines*, 472 F.3d 1038, 1039-40 (8th Cir. 2007); *United States v. Montejo,* 353 F.Supp.2d 643, 655 (E.D.Va. 2005), *aff'd*, 442 F.3d 213 (4th Cir.2006), *cert. denied,* --- U.S. ----, 127 S.Ct. 366 (2006); *United States v. Jimenez*, 2005 U.S. Dist. LEXIS 22407 (D. Mass 2005); *United States v. Crounsset*, 2005 U.S. Dist. LEXIS 29602 (E.D. Va. 2005).

The term "means of identification" includes another person's social security number.[15] The victim must be an actual person (living or dead),[16] although the defendant need not know whether the victim was an actual person.[17]

To act without lawful authority means to act without the authorization of the issuing government entity to use the means of identification.[18]

---

[15] 18 U.S.C. § 1028(d)(7)(A); 2 L. Sand et al., *Modern Federal Jury Instructions – Criminal*, at 39A-82 (2006 ed.).

[16] 2 L. Sand et al, *supra* note 16 at 39A-83-84; *Jimenez*, 2005 U.S. Dist. LEXIS 22407; *Crounsset*, 2005 U.S. Dist. LEXIS 29602;

[17] *United States v. Hurtado*, --- F.3d ----, 2007 WL 4125820 at * 6 (11th Cir. Nov. 11, 2007) (per curium); *Montejo,* 353 F.Supp.2d 643.

[18] *Hurtado*, --- F.3d ----, 2007 WL 4125820 at * 5; 2 L. Sand et al., *Modern Federal Jury Instructions – Criminal*, at 39A-82.

# Government's Requested Jury Instruction No. 13

«ON OR ABOUT; KNOWINGLY»

You will note that the Indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.[19]

---

[19] 11th Cir. Pat. Instr. Crim. No. 9.2 (On or About; Knowingly (Only); (When Willfulness or Specific Intent Is Not An Element)).

# Government's Requested Jury Instruction No. 14

«DELIBERATE IGNORANCE (AS PROOF OF KNOWLEDGE)»

When knowledge of the existence of a particular fact is an essential part of an offense, such knowledge may be established if the defendant was aware of a high probability of its existence, unless the defendant actually believed that it does not exist.

So, with respect to the issue of the defendant's knowledge in this case, if you find from all the evidence beyond a reasonable doubt that the defendant's took or converted stolen checks and consciously tried to avoid learning about the nature of the checks, you may treat such deliberate avoidance of positive knowledge as the equivalent of knowledge.

In other words, you may find that the defendant acted "knowingly" if you find beyond a reasonable doubt either: (1) that the defendant actually knew that she was stealing or converting checks; or (2) that she deliberately closed her eyes to what she had every reason to believe was the fact.

I must emphasize, however, that the requisite proof of knowledge on the part of the defendant cannot be established by merely demonstrating that the defendant was negligent, careless or foolish.[20]

---

[20] 11th  Cir. Pat. Instr. Crim., Special Instr. No. 8 (Deliberate Ignorance (As Proof of Knowledge)); *United States v. Hooshman*, 931 F.2d 725 732-35 (11th Cir. 1991) (evidence demonstrating that the defendant should have known and understood claim procedures and terms, and still submitted fraudulent claims to private insurers was relevant to prove the defendant's intent to commit the crime); *United States v. Gold*, 743 F.2d 800, 822 (11th Cir. 1984) (approving of conscious avoidance instruction where entire defense rested on the argument that the defendants were "innocently oblivious to the endemic fraud that permeated their business").

# Government's Requested Jury Instruction No. 15

«AIDING AND ABETTING (AGENCY)–18 U.S.C. § 2»

The guilt of a defendant in a criminal case may be proved without evidence that the defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the defendant are willfully directed or authorized by the defendant, or if the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had personally engaged in such conduct.

However, before any defendant can be held criminally responsible for the conduct of others it is necessary that the defendant willfully associate in some way with the crime, and willfully participate in it.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the defendant was a willful participant and not merely a knowing spectator.[21]

---

[21]  11th Cir. Pat. Instr. Crim., Special Instr. No. 8 (Aiding and Abetting (Agency)–18 USC § 2).

# Government's Requested Jury Instruction No. 16

«SIMILAR ACTS EVIDENCE (RULE 404(B), FRE)»

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the defendant which may be similar to those charged in the Indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the Indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the Indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine whether the defendant had the knowledge or intent necessary to commit the crime charged in the Indictment.  It may also be used to consider if her conduct was committed with an absence of mistake.[22]

---

[22]  11th  Cir. Pat. Instr. Crim., Special Instr. No. 4 (Similar Acts Evidence (Rule 404(b), FRE)).

# Government's Requested Jury Instruction No. 17

«CAUTION – PUNISHMENT, SINGLE DEFENDANT–MULTIPLE COUNTS»

A separate crime or offense is charged in each count of the Indictment.  Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted, the matter of punishment is for the Judge alone to determine later.[23]

---

[23] 11th  Cir. Pat. Instr. Crim., Basic No. 10.2 (Caution – Punishment, Single Defendant – Multiple Counts).

# Government's Re8uested Jury Instruction No. 18

«VERDICT»

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

[Explain verdict form]

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.[24]

---

[24] 11th Cir. Pat. Instr. Crim., Basic No. 12 (Verdict).

# Government's Requested Jury Instruction No. 19

«DUTY TO DELIBERATE»

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges–judges of the facts.  Your only interest is to seek the truth from the evidence in the case.[25]

---

[25] 11th Cir. Pat. Instr. Crim., Basic No. 11 (Duty to Deliberate).